```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ORRILL, CORDELL, & BEARY, L.L.C.**     *     CIVIL ACTION
                                         *
**VERSUS**                               *     NO. 07-8234
                                         *
**CNA INSURANCE COMPANY AND**            *     SECTION "B"(5)
**TRANSPORTATION INSURANCE COMPANY**     *

## ORDER AND REASONS

The Court heard oral argument in this matter on **March 4, 2009 at 10:00 a.m.** After hearing oral arguments and for the written reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

### *BACKGROUND*

Defendant Transportation Insurance Company ("Transportation") issued an insurance policy to Plaintiff Orrill, Cordell, & Beary, L.L.C. ("OCB"), which was effective when Hurricane Katrina struck.[1] Following Hurricane Katrina, OCB submitted claims for business income loss and extra expense. The extra expense claim has been paid by Transportation and the only claim that remains is the

---

[1] CNA Insurance Company is incorrectly sued as a Defendant. CNA is a service mark for various companies. CNA Insurance did not issue the policy at issue, but is the sole owner of Transportation Insurance Company. *See* (Rec. Doc. No. 14, FN.1)

business income claim.  Plaintiff and Defendants filed cross-motions for summary judgment (Rec. Doc. Nos. 14, 21, 22) with respect to this issue.  As it pertains to loss of business income, the policy states in pertinent part the following:

> f. Business Income
>
> > (1) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration."  The suspension must be caused by direct physical loss of or damage to property at the described premises, including personal property in the open (or in a vehicle) within 1,000 feet, caused by or resulting from any Covered Cause of Loss...
>
> Business Income means the:
>
> > (a) Net Income (Net Profit or Loss before incoming taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses **and**
> >
> > (b) Continuing normal operating expenses incurred, including payroll.

During the period of restoration, the overall income for OCB increased due to an increase in hourly fees.  However, OCB experienced a decrease in its contingency fees and therefore, asserts that it is entitled to recover the amount attributable to those losses, which equals $88,094.  Defendants do not dispute that OCB suffered a loss of contingency fees in the amount of $88,094.

2

Defendants argue that the insured must suffer an "actual loss of business income" for the policy to respond and since there was an increase in overall income, there was no "actual loss of business income." Thus, Defendants dispute OCB's claim for recovery based on a decrease in contingency fees.

## *LAW AND ANALYSIS*

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly,

conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. BUSINESS INCOME CLAIM**

An insurance policy should be construed using the general rules of contract interpretation. *Coleman v. Sch. Bd. of Richland Parish*, 418 F.3d 511, 516 (5th Cir. 2005). When the words of a contract are clear and explicit and lead to no absurd consequences, there is no need for further interpretation of the parties' intent. *Id.* Each provision of the contract must be viewed in light of the other provisions in order to obtain the intended meaning of the contract as a whole. *Id.* The interpretation of the policy should not be construed in a manner such that its terms will be enlarged or restricted beyond what was reasonably contemplated by the parties. *Id.*

Defendants assert that the policy does not insure OCB for contingency fee losses, but rather OCB's business income as a whole. Since OCB's business income increased as defined by the policy during the period of restoration, it is not entitled to recover losses resulting for business interruption. Defendants rely on *B.F. Carvin Constr. Co., Inc., v. CNA Ins. Co.*, No. 06-7155 (E.D. La. 2008), which found that no coverage existed for business income loss under an identical insurance policy provision.

In *Carvin*, the insured's business changed from large public works projects to small residential projects after Hurricane Katrina. *Id.* at 2. As a result, the insured's income increased and the court held that the insured was "not entitled to recover losses resulting from business interruption because the [the insured's] "Business Income" increased as defined by the insurance policy after Hurricane Katrina." *Id.* at 5.

Likewise, Defendants assert that OCB's business changed during the period of restoration such that its business decreased in contingency fees, but increased in hourly fees. (Rec. Doc. No. 14, pg. 6) However, the firm as a whole did not suffer an "actual loss" as required by the policy and OCB is not entitled to coverage. *Id.*

Plaintiff contends that an impairment in the amount of increased overall net income, caused by a covered cause of loss, is an "actual loss" of anticipated net income. (Rec. Doc. No. 21, pg. 1). Moreover, Plaintiff asserts that the insurance policy does not limit anticipated profit that increases annually, except for the increased net profit that *specifically results from an increase in the volume of business conditions caused by the impact of the covered cause of loss. Id.* at 2. Since there are no facts, stipulations, or allegations that OCB's net profit increased because of an increase in the volume of business conditions caused by the impact of Hurricane Katrina, OCB's increase in profit in its

hourly fees does not exclude recovery for a decrease in its contingency fees. *Id.*

Additionally, OCB seeks to distinguish itself from the plaintiff in *Carvin* by stating that the latter was placed in a better position because of Hurricane Katrina than if no loss or business interruption had occurred, since it changed its business and made more money as a result of the storm. On the other hand, OCB argues that it was not placed in a better position because it did not change its business, but rather sustained an undisputed loss from the projected contingency fee income, which affected the overall net income or profit.

The Court finds *Carvin* to be distinguishable from the case at bar. In *Carvin*, the plaintiff was unable to prove that an "actual loss" had occurred in light of the fact that there was an increase in the amount of total income in the months following Hurricane Katrina as defined by the policy. However, in the case at bar, the parties stipulate that there was a loss in Plaintiff's contingency fee based income. The policy does not exclude coverage for income lost from a particular stream of income. The fact that Plaintiff lost income in contingency fee files, yet increased income in hourly based fees shows that Plaintiff mitigated its damages. For that, it appears that public policy and the overall purpose of insuring for business income losses are best served in providing coverage here. Otherwise, insureds would be unjustly punished with

an inconsistent result. The policy language and intent of parties here do not expressly foreclose coverage. The policy definition of business income on its face is ambiguous; thus, the insured prevails in this instance.

## *CONCLUSION*

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 16th day of March, 2009.

_____
United States District Judge